IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD LINDBLOM,

                Plaintiff,

    v.

SECRETARY OF THE ARMY,

                Defendant.

2:06-cv-2280-GEB-GGH

ORDER[*]

        Defendant moves to strike from Plaintiff's Age Discrimination in Employment Act ("ADEA") his demand for a jury trial, compensatory damages, liquidated damages, and attorney's fees. In addition, Defendant moves to substitute the Secretary of the Army in place of the named Defendant,[1] and for a more definite statement under

---

[*] This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

[1] The caption has been changed because this portion of the motion is granted herein.

1

Federal Rule of Civil Procedure 12(e).[2]  Plaintiff did not file an opposition.  See L.R. 78-230(c).

## BACKGROUND

Plaintiff's Complaint alleges age discrimination under the ADEA and also makes references to retaliation and the Fair Labor Standards Act.  (Pl.'s Compl. ¶¶ 4, 5, 10.)

## DISCUSSION

### I.  Legal Standards

#### A.  Motion to Strike

Rule 12(f) prescribes "the court may order stricken from any pleading any . . . redundant, immaterial, impertinent, or scandalous matter."  "Motions to strike are generally viewed with disfavor, and will usually be denied unless the allegations in the pleading have no possible relation to the controversy, and may cause prejudice to one of the parties."  Campbell v. PricewaterhouseCoopers, LLP, 2007 U.S. Dist. LEXIS 24344, *5 (E.D. Cal. Mar. 20, 2007).  "If the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits."  Id.

#### B.  Motion For More Definite Statement

A Rule 12(e) motion for a more definite statement may be granted where the complaint "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading."  Fed. R. Civ. P. 12(e).

---

[2]  The rules references herein are the Federal Rules of Civil Procedure.

II. Motion to Dismiss and Substitute

Defendant argues that the proper Defendant is the Secretary of the Army. (Def.'s Mot. to Strike at 4:9-20.) Plaintiff names "United States of America, ex rel., U.S. Department of the Army" as the Defendant. (Pl.'s Compl. at 1.)

The proper Defendant in an ADEA suit brought by a federal employee is the head of the department or agency. Romain v. Shear, 799 F.2d 1416, 1418 (9th Cir. 1986). "A public officer who . . . is sued in an official capacity may be described . . . by the officer's title rather than by name." Fed. R. Civ. P. 25(d)(2). Therefore, Defendant's motion to dismiss the named Defendants and substitute the Secretary of the Army is granted.

III. Motion to Strike

A. Jury Demand

Defendant moves to strike Plaintiff's demand for a jury trial arguing that Plaintiff has no right to a jury trial under the ADEA because he is a federal employee. (Def.'s Mot. to Strike at 3:17-18.) Plaintiff's Complaint is titled "Complaint and Jury Demand." (Pl.'s Compl. at 1.)

"ADEA claims [against the Federal Government] cannot be adjudicated by jury trial." Agha v. Secretary of Army, 1992 U.S. Dist. LEXIS 18936, *17 (N.D. Cal. Oct. 26, 1992) (citing Lehman v. Nakshain, 453 U.S. 156, 165 (1981) ("Congress did not intend to confer a right to trial by jury on ADEA plaintiffs proceeding against the Federal Government.") superseded by statute on other grounds as stated in, Tyler v. Bethlehem Steel Corp., 958 F.2d 1176 (2nd Cir. 1992)). Therefore, Defendant's motion to strike Plaintiff's jury demand from his ADEA claim is granted.

B. Liquidated Damages

Defendant also moves to strike Plaintiff's request for liquidated damages for willful violations of the ADEA arguing that federal employees have no right to liquidated damages under the ADEA. (Def.'s Mot. to Strike at 3:22-24.)

"There is no mention of liquidated damages in section 633a, the self-contained section of the ADEA applicable to federal employees. . . . Had Congress intended to allow such an extraordinary remedy in a suit against the United States, certainly Congress would have expressly provided for it." Smith v. Office of Personnel Mgmt., 778 F.2d 258, 263 (5th Cir. 1985); see also Tietz v. Bowen, 695 F. Supp. 441, 446 (N.D. Cal. 1987). Therefore, Defendant's motion to strike Plaintiff's liquidated damages request from his ADEA claim is granted.

C. Compensatory Damages

Defendant also seeks to strike Plaintiff's request for compensatory damages arguing they are unavailable under the ADEA. (Def.'s Mot. to Strike at 3:19-21.)

Remedies available under the ADEA are prescribed in 29 U.S.C. § 626(b). "The statute does not specifically mention damages for pain and suffering or other general compensatory damages, and such damages are conspicuously omitted from the definition of 'amounts owing.'" Naton v. Bank of California, 649 F.2d 691, 699 (9th Cir. 1981) (holding pain and suffering damages are not allowed under the statute); see also Bahri v. Home Depot USA, Inc., 242 F. Supp. 2d 922, 954 (D. Or. 2002) ("[T]he ADEA does not permit a separate recovery of compensatory damages for pain and suffering or emotional distress.").

4

1 Therefore, Defendant's motion to strike Plaintiff's request for
2 compensatory damages under the ADEA is granted.

### D. Attorney's Fees

Defendant seeks to strike Plaintiff's prayer for attorney's fees arguing that attorney's fees are not available to a federal employee under the ADEA. (Def.'s Mot. to Strike at 4:3-6.)

It is unclear whether attorney's fees are recoverable against the federal government under the ADEA. Therefore, this portion of Defendant's motion is denied.

## IV. Motion for More Definite Statement

Defendant argues Plaintiff should be ordered to make a more definite statement because "Plaintiff's complaint is so inexplicit [that it] prevent[s] [D]efendant from framing a responsive pleading, doing needed discovery, and [preparing for] summary judgment or trial." (Def.'s Mot. for More Definite Statement at 2:9-10.)

Plaintiff's Complaint neither clearly specifies what claims he is asserting nor what factual allegations support each claim. (Pl.'s Compl. ¶¶ 5-8.) Under Rule 8(a), Plaintiff's Complaint must include, "a short and plain statement of [his] claim showing that [he] is entitled to relief." In addition, Rule 10(b) requires that each claim "shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances . . . [and each claim] shall be stated in a separate count." Therefore, Defendant's motion is granted, and Plaintiff shall state each claim he is alleging as required by the Federal Rules of Civil Procedure.

CONCLUSION

For the stated reasons, Defendant's motion to dismiss the named Defendant and substitute the Secretary of the Army is granted. Defendant's motion to strike Plaintiff's demand for a jury, compensatory damages, and liquidated damages on his ADEA claim is granted. Defendant's motion to strike Plaintiff's request for attorney's fees is denied. Defendant's motion for a more definite statement is granted. Plaintiff is granted leave to file an Amended Complaint consistent with the rulings herein no later than ten days from the date on which this Order is filed.

IT IS SO ORDERED.

Dated:  May 9, 2007

_____
GARLAND E. BURRELL, JR.
United States District Judge