IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BERNARD LINDBLOM,              )     2:06-cv-2280-GEB-GGH
                               )
          Plaintiff,           )     ORDER[*]
                               )
                               )
     v.                        )
                               )
SECRETARY OF THE ARMY,         )
                               )
          Defendant.           )
_____)

Defendant moves to dismiss Plaintiff's claims that Defendant retaliated against Plaintiff in violation of the Age Discrimination in Employment Act ("ADEA"), arguing the ADEA does not waive sovereign immunity for retaliation claims.  Defendant also seeks summary judgment on Plaintiff's ADEA claims for retaliation, age discrimination, and hostile work environment based on age.  Plaintiff opposes the motion.

///

---

[*] This motion was determined to be suitable for decision without oral argument.  L.R. 78-230(h).

FACTUAL BACKGROUND

Plaintiff worked in a United States Army Depot as a WG-5[1] level employee. (Def.'s Statement of Undisputed Facts ("Def.'s SOF") ¶ 1.; Pl. Dep. at 22.) In April 2005, Plaintiff applied for, but was not selected for, two WL-7 level supervisory positions. (Def.'s SOF ¶ 11.) Plaintiff subsequently initiated an Equal Employment Opportunities ("EEO") informal investigation alleging the April 2005 promotion denial was unlawful age discrimination. (Pl. Dep. at 72:5-9; 80:5-8.) Following the promotion of another employee to one of the supervisory positions, Plaintiff was required to turn "his keys" over to her. (Pl. Dep. at 121-22.) He also alleges his coworkers and supervisors maintained only "a bare minimum of communication" with him. (Id. at 117:4-11.) On June 13, 2005, the informal EEO investigation ended. (Pl. Dep at 81.)

In June 2005, Plaintiff applied for a temporary WL-7 level night shift supervisor position. (Def.'s SOF ¶ 14.) He learned that he was selected for the position on July 5, 2005, with an effective start date of July 24, 2005. (Id. ¶ 43.) Plaintiff was required to sign a disclaimer acknowledging that the position was temporary and could be revoked at any time. (Compl. ¶ 8; Pl. Dep. at 85:2-12.) However, Plaintiff testified that he was told his temporary WL-7 level night shift supervisory position would become a permanent position. (Pl. Dep. at 88:1-13.) After Plaintiff was selected for the temporary night shift supervisory position, two permanent WG-8 level supervisory

---

[1] Throughout this order, "WG" refers to Wage Grade and "WL" refers to Work Leader. These categories reflect the varying compensation levels for "blue collar workers" under the Federal Wage System. (Decl. of David Foxworthy in Supp. of Def.'s Mot. for Summ. J. ¶ 3.)

2

positions were advertised for the day shift. (Def.'s SOF ¶ 44.) Plaintiff did not apply for the positions because they were a lower grade than his temporary WL-7 level supervisory position, and he thought his WL-7 level position would become permanent. (Pl. Dep. at 148:3-6.) The night shift, including Plaintiff's temporary WL-7 level night shift supervisor position, was eliminated on July 25, 2005, the day after Plaintiff's temporary position began. (Def.'s SOF ¶ 16.) Plaintiff maintained his WL-7 temporary status until October 1, 2005, at which point he reverted to his permanent WG-5 level position and was transferred to another department. (Def.'s SOF ¶¶ 19-20; Compl. ¶ 16.) Plaintiff alleges he was asked to sign in as a visitor when entering his old department. (Compl. ¶ 14.)

Plaintiff asserts claims for age discrimination and retaliation under the ADEA. Specifically, Plaintiff alleges: (1) Defendant allowed a hostile work environment to exist based on age discrimination or in retaliation for speaking to an EEO counselor, (2) Defendant denied Plaintiff's application for a promotion in April 2005 based on age discrimination, and (3) Defendant deceived Plaintiff into not applying for the two WG-8 level positions based on age discrimination or in retaliation for speaking to an EEO counselor.

## DISCUSSION[2]

### I. Subject Matter Jurisdiction for Retaliation Claims / No Causal Connection

Defendant seeks dismissal of Plaintiff's retaliation claims, arguing that subject matter jurisdiction is lacking since Congress did not waive sovereign immunity for retaliation claims against the

---

[2] The summary judgment and dismissal motion standards are well known and need not be repeated.

3

federal government under the ADEA. (Def.'s Mot. for Summ. J. ("Mot.") at 8-10.) Plaintiff counters that "better reasoning and statutory analysis warrants a holding that the reprisal claim is not barred by sovereign immunity." (Pl.'s Opp'n to Def.'s Mot. for Summ. J. ("Opp'n") at 3:13-16.)

Courts have differed on whether the ADEA provides a cause of action for retaliation by the federal government. The First Circuit's decision in Gomez-Perez v. Potter is persuasive that "Congress did not intend for 29 U.S.C. § 633a to include a cause of action for retaliation as the result of having filed an age-discrimination related complaint." 476 F.3d 54, 60 (1st Cir. 2007), cert. granted, 128 S.Ct. 29 (2007). Even if such a cause of action exists, however, Plaintiff does not prevail on it, since he presents insufficient facts showing a causal link between his protected activity and the alleged hostile work environment, the circumstances alleged do not rise to the level of a hostile work environment, and the alleged deception preventing Plaintiff from applying for the open WG-8 positions in July 2005 was not an adverse employment action. (See infra.)

II. Hostile Work Environment Based on Age Discrimination or Retaliation

Defendant seeks summary judgment on Plaintiff's claims that he was subjected to a hostile work environment based on age discrimination or retaliation in violation of the ADEA. (Mot. at 14:23-18:11.) Defendant argues Plaintiff presents no evidence that "any alleged harassment was based upon his age or protected activity." (Id. at 16:7-8.)

"In order to make a showing . . . [of a hostile work environment based on age], [] [P]laintiff must demonstrate a nexus

4

between the alleged harassment and h[is] age; merely citing instances of unpleasant treatment is not sufficient." Halloran v. Minnesota Old Northwest Agents Ltd. Partnership, 58 F. Supp. 2d 831, 837 (W.D. Tenn. 1999). Likewise, to prove a prima facie case for retaliation, Plaintiff must show a causal link between his involvement in a protected activity and the hostile work environment. Brooks v. City of San Mateo, 229 F.3d 917, 928 (9th Cir. 2000).

Plaintiff alleges the following actions constituted a hostile work environment: (1) ostracism by supervisors and coworkers; (2) being deceived into failing to apply for the two permanent promotions; (3) being demoted; (4) "being denied an opportunity to promote"; (5) being transferred to another department; and (6) being required to sign in when visiting his former department. (Compl. ¶ 16.)

However, Plaintiff has presented no evidence showing what he complains about was motivated by age discrimination or by retaliation for his protected activity. See Jamal v. Wilshire Management Leasing Corp., 320 F. Supp. 2d 1060, 1081-82 (D. Or. 2004) (granting summary judgment on hostile work environment claim since "there is no evidence [defendant's] conduct, or her favoritism of certain other employees, were motivated by age discrimination"). Further, the actions about which Plaintiff complains do not rise to the level of a hostile work environment, since the facts do not show Plaintiff's "workplace [was] sufficiently permeated with discriminatory intimidation, ridicule, and insult . . . sufficiently severe or pervasive to alter the conditions of [his] employment and create an abusive working environment." Harris v. Forklift Sys., Inc., 510 U.S. 17, 21 (1993)(internal quotations and citations omitted).

Accordingly, Plaintiff has not presented sufficient facts to support finding a hostile work environment.

### III. April 2005 Denial of Promotion Based on Age Discrimination

Defendant seeks summary judgment on Plaintiff's claim that he was not selected for a supervisory position in April 2005 because of his age. (Mot. at 13:13-14:21.) The McDonnell Douglas burden-shifting framework applies to the analysis of the motion: If Plaintiff makes out a prima facie case, the burden of production shifts to Defendant to demonstrate a legitimate, nondiscriminatory purpose for its action; if Defendant meets its burden, Plaintiff must show Defendant's proffered purpose is a mere pretext for discriminatory purpose. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973).

Defendant argues Plaintiff fails to make a prima facie case of adverse employment action based on age. (Mot. at 13:13-14:21.) To make a prima facie case Plaintiff must show (1) he belonged to a protected class, (2) he was qualified for the position to which he wished to be promoted, (3) he was denied a promotion to that position, and (4) the job went to someone equally or less qualified outside the protected class. St. Mary's Honor Center v. Hicks, 509 U.S. 502, 506 (1993); Coghlan v. American Seafoods, Co. LLC, 413 F.3d 1090, 1094 (9th Cir. 2005).

Since Plaintiff is over the age of forty, he is a member of a protected class.[3] Defendant contends, however, that Plaintiff has

---

[3] Under the ADEA, employers may not "fail or refuse to hire . . . any individual [who is forty years old or older] or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of [that] age." 29 U.S.C. § 623(a)(1).

failed to show he was equally or more qualified than the persons who were awarded the promotions. (Mot. at 13:25-14:1.) Plaintiff counters he was equally or more qualified than the two persons promoted since he had prior supervisory experience, he formerly owned a business, he had held a leadership position since January 2005, and one of the interviewers "felt Plaintiff should have scored the highest based on his experience." (Opp'n at 4; Pl.'s SOF ¶ 3; Mot., Ex. 14.) At summary judgment, the degree of proof necessary to establish a prima facie case is "minimal and does not even need to rise to the level of a preponderance of the evidence." Lyons v. England, 307 F.3d 1092, 1112 (9th Cir. 2002). Accordingly, Plaintiff has presented sufficient evidence to establish a prima facie case of age discrimination.

Therefore, the burden of production shifts to Defendant to present evidence of a legitimate, nondiscriminatory reason for failing to promote Plaintiff in April 2005. See Chuang v. Univ. of Cal. Davis, Bd. of Trs., 225 F.3d 1115, 1124 (9th Cir. 2000). Defendant presents evidence that Plaintiff was not chosen for the promotions because the other candidates were at least as qualified as plaintiff for the positions and the other candidates performed better in the interviews. (See Mot. at 13-14, Exs. 12-15.)

All applicants for the two WL-7 positions were interviewed and had their resumes graded by a three-person selection panel. (Mot. at 13:21-13.) Plaintiff was rated the third-best applicant for the two positions. (Mot., Exs. 12 & 13.) The two union representatives that were present for Plaintiff's panel stated he did not interview well. (Mot., Exs. 14 & 15.) Despite Plaintiff's qualifications, one interviewer stated "he failed to convey that experience throughout the

1  [interview] process." (Mot., Ex. 14.)  Another interviewer stated
2  Plaintiff could have done better had he "expressed his experiences and
3  not assumed others would know what he was capable of."  (Mot., Ex.
4  15.)  Plaintiff's performance during the interview is evidence that
5  Defendant had a nondiscriminatory reason to deny Plaintiff the
6  promotion.  See Chapman v. Al Transport, 229 F.3d 1012, 1034 (11th
7  Cir. 2000) (finding that employer's testimony that plaintiff was not
8  sufficiently aggressive and gave imprecise answers to interview
9  questions were nondiscriminatory reasons supporting employer's
10 decision not to hire plaintiff).

11          In addition, the applicants' resumes indicate the other
12 applicants were as qualified as Plaintiff.  (See Mot., Exs. 16, 17 &
13 18.)  One chosen candidate's experience as a supervisor at least
14 equaled that of Plaintiff's; the other chosen candidate's supervisory
15 experience exceeds that of Plaintiff.  (See id.)  Defendant's evidence
16 of the candidates' experience and Plaintiff's performance in the
17 interview demonstrates Defendant had a legitimate, nondiscriminatory
18 reason for it's hiring decision.  See Alms v. AdvancePCS, 2006 WL
19 2032746, at *3 (D. Ariz. July 18, 2006) (finding employer's
20 "impression" that one candidate had superior client skills and
21 superior experience was "a legitimate, nondiscriminatory reason for
22 [the employer's] hiring decision").

23          Since Defendant has demonstrated a nondiscriminatory reason
24 for the decision, the burden shifts back to Plaintiff to show that
25 Defendant's articulated reason is pretextual "either directly by
26 persuading the court that a discriminatory reason more likely
27 motivated [Defendant] or indirectly by showing that [Defendant's]
28 proffered explanation is unworthy of credence."  Texas Dep't Cmty.

Affairs v. Burdine, 450 U.S. 248, 256 (1981).  Plaintiff "has presented no evidence, other than [his] speculation and [his] assessment of [his] own qualifications, that [Defendant's] decision to promote others . . . had anything to do with [Plaintiff's] age." Jamal, 320 F. Supp. 2d at 1076.  Accordingly, Defendant's motion is granted on Plaintiff's claim that the April 2005 failure to promote him was age discrimination.

IV.  July 2005 Deception Based on Age Discrimination or Retaliation

Defendant seeks summary judgment on Plaintiff's claim that Defendant deceived him into not applying for two open permanent WG-8 level positions in July 2005 based on age discrimination or retaliation.  (Mot. at 12-13.)  Defendant argues Plaintiff "cannot establish an adverse employment action when he admits that he did not even apply for the WG-8 position." (Id.)  Plaintiff counters that he was selected for the temporary WL-7 level night shift position in June and was told it would become permanent "to distract him from applying for the WG-8 positions in July."  (Opp'n. at 5:5-9.)  He argues that "[h]ad [he] known the [WL-7] position would not become permanent, he probably would have applied for the WG-8 positions."  (Opp'n at 5:7-9.)

To establish an age discrimination or retaliation claim, Plaintiff must show he experienced an adverse employment action; in other words, Plaintiff must show "that **he applied** and was qualified for a job for which the employer was seeking applicants, [and] . . . that, despite his qualifications, he was rejected." McDonnell Douglas, 411 U.S. at 802 (emphasis added).  However, Plaintiff need not have applied for a job if the application would have been a futile gesture.  Int'l Bhd. of Teamsters v. United States, 431 U.S. 324, 365-

9

38 (1977); see Malarkey v. Texaco, Inc., 983 F.2d 1204, 1213 (2d. Cir. 1993) (applying futile gesture doctrine to ADEA claims). This showing usually consists of the applicant evincing he was deterred from applying by "a known and consistently enforced policy of discrimination." Shackelford v. Deloitte & Touche, LLP, 190 F.3d 398, 406 (5th Cir. 1999). Plaintiff has not offered evidence showing he reasonably believed that applying for the WG-8 level positions would be a futile gesture. Plaintiff argues in his opposition papers he was promoted to the temporary WL-7 level night shift position to deter him from applying (Opp'n at 5:6-7), but he conceded in his deposition that the purpose of his promotion to the WL-7 level position "was to secure a work leader for the night shift." (Pl. Dep. at 88-89.) Further, Plaintiff contends he was deterred from applying for the WG-8 level positions because he was in a senior position at the time, not because he knew his application would be a futile gesture. (Pl.'s SOF ¶ 10.)

Since Plaintiff has failed to present evidence that he applied for and was rejected from the positions, or that applying for the WG-8 level positions would have been a futile gesture, Plaintiff has not established a viable age discrimination or retaliation claim. See Silva v. Chertoff, 2007 WL 1795786, at *9 (D. Ariz. June 20, 2007) ("The Court cannot determine if there was an adverse action where [plaintiff] did not apply for any promotion."); Easterling v. Conn., 356 F. Supp. 2d 103, 107 (D. Conn. 2005) (holding that plaintiff's retaliation claim "fails on the requirement that she show that the [defendant] took an adverse employment action against her" since she did not apply for any position).

///
///

10

CONCLUSION

For the stated reasons, Defendant's motion is granted. The Clerk shall enter judgment in favor of Defendant.

IT IS SO ORDERED.

Dated:  March 4, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge